### William B. Ledyard v. Chester S. Morey.

*Lease—Action for rent—Parties—Evidence of lease.*

1. In an action for the use and occupation of premises under the lease of a right of way it is no defense that other persons also had a right of way if the right was in neither case exclusive; nor would such other persons be necessary parties to the action.

2. In an action for rent of a right of way over land to which defendant claimed equitable title, it is proper to show that defendant had told one of his own tenants that he had the right to use the premises for passage; and if the purpose of such evidence is merely to show that defendant used the premises and obtained the right to use them from the plaintiff, it is immaterial whether the lease was or was not in writing, and the testimony is not open to the objection that the lease itself is the best evidence.

Error to Kent. (Montgomery, J.) April 23.—June 11.

Assumpsit. Defendant brings error. Affirmed.

*E. S. Eggleston* for appellant. Tenants in common must join in an action for the recovery of any personal interest growing out of lands occupied by them as tenants in common : *Decker v. Livingston* 15 Johns. 479; *Hill v. Gibbs* 5 Hill 56 ; non-joinder of tenants in common in a suit may be taken adantage of on the trial : *Hill v. Gibbs* 5 Hill 56.

*Norris & Uhl* for appellee. Existence of a lease may be shown by the oral admission of the lessee : 1 Greenl. Ev. (12th ed.) §§ 87, 97; *Rayner v. Lee* 20 Mich. 388; the receipt of rent is unnecessary : *Bull v. Sibbs* 8 Term 327; though its payment by another than the occupant is enough to show that the occupancy was under him : *Moffat v. Smith* 4 N. Y. 128 ; *Dimock v. Van Bergen* 12 Allen 551.

SHERWOOD, J.   This is an action brought by the plaintiff
for the use and occupation of certain premises in the city of
Grand Rapids.   In 1875 the parties owned together the west
part of lots nine and ten, fronting on Pearl street.   They
subsequently divided these lots between them, and Ledyard
conveyed to Morey a part of lot eight, lying in the rear of
lots nine and ten.   After the lots were built on, there
remained a strip of ground between their respective parcels,
belonging to Mr. Ledyard, about twelve and one-half feet
wide, and extending back to the rear end of the buildings of
both parties.   This strip was the only convenient means of
access to two of Morey's stores, and that part of lot eight
which Morey had purchased of Ledyard.   At the time of
the division of the property referred to between the parties,
it is claimed, and the testimony tends to show, that Morey
agreed to buy of Ledyard one-half of the twelve and one-
half feet at two hundred dollars per foot, but the purchase
seems not to have been completed.   In 1875, after the build-
ings were erected, Ledyard permitted the strip to be used by
Morey and his tenants for passage, Morey to pay therefor
$120 per year.   The defendant used the same until January 1,
1877.   After that date the compensation was reduced, by
agreement, to $100 per year, and defendant continued his
use of the strip until July 1, 1882, at which time there was
due to plaintiff, upon such agreement, as claimed by him, the
sum of $300 ; and for this balance the plaintiff brought this
suit.

The defendant claimed that he bought the property for
which the rent is claimed for $1200, and paid interest on the
purchase price to the amount of $490;   that after he had
paid interest two years he demanded a deed of the plaintiff,
but he could not make title to the property, but wanted to
deed the defendant the right of way.

Upon these two theories the testimony in the case was
taken and submitted to the circuit judge, who found the
facts to be substantially as claimed by plaintiff and as above
stated, and that he was entitled to judgment for $300.   The
court also found that on the 27th day of April, 1874, the

plaintiff, by a quitclaim deed, gave to W. S. Gunn and M. D. Perkins a right of way over the same property. Also that on the 5th day of January, 1875, the plaintiff made and executed to L. K. Rathbun a quitclaim deed of a right of passage over the leased property. The court further found, as a matter of law, that neither Gunn, Rathbun nor Perkins were necessary parties to the suit; neither did the conveyances to them of the right to use the land for the purpose stated prevent the plaintiff's suit for use of the premises, or the recovery of the promised compensation therefor.

To these conclusions of law counsel for defendant excepted, and upon these he assigns error. We can see no error in these findings of the law. No exclusive right of passage over the land was conveyed to either Gunn, Perkins or Rathbun.

There is nothing in the record showing or tending to show that the defendant did not have the use of the property in accordance with the terms of his agreement with the plaintiff, and the finding of the court is that he did so have the use of the property. The finding also shows $300 due and unpaid to plaintiff from defendant, and unless the findings of fact in the case are based upon improper or inadmissible testimony we cannot disturb the judgment.

In perusing the bill of exceptions but two appear to be really relied upon as showing improper rulings by the court in receiving testimony. They relate to the use of the premises by the express company, which was a tenant in one of Morey's buildings, and as to what Morey said to the company's agent about his right to use the same when he made the lease to the company. The evidence objected to was received by the court to the effect that the company did occupy the building of defendant, and did use the land for passage, and that Morey told the agent, at the time the company rented of him, that the latter had the right to the use of the premises for passage. We think this was proper testimony. It not only tended to show the use of the premises in question by defendant, but that the right to such use was obtained from the plaintiff. The objection to this testimony

was that it was irrelevant, immaterial and incompetent. It was not subject to the objections made. There was no ground for the objections stated and urged by counsel for defendant, that there was better evidence, the lease being in writing. For the purpose for which the testimony was offered it was immaterial whether it was in writing or not.

We find no error in the record, and

The judgment must be affirmed.

The other Justices concurred.